**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKE RICHEY, JENNIFER RICHEY, husband and wife, | No. 10-35459 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:10-cv-00020-LRS |
| v. | MEMORANDUM[*] |
| METAXPERT LLC, a Washington limited liability company; et al., | |
| Defendants-counter-claimants - Appellants, | |
| and | |
| CHARLES MANNING; et al., | |
| Defendants, | |
| v. | |
| GRAVITY JACK, INC., | |
| Third-party-defendant - Appellee. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Argued and Submitted December 10, 2010
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

Appellants (collectively "Manning") challenge the district court's denial of preliminary injunctive relief against: (1) Appellees (collectively "Richey") designing smart phone gaming software, and (2) Richey's continued control of a RentACoder.com account. We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1292(a)(1).[1] We review the district court's grant or denial of a preliminary injunction for abuse of discretion. *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). For the reasons set forth below, we conclude that the district court did not abuse its

---

[1] The district court's order was titled "Order on Defendants/Counterclaimants' Motion for Temporary Restraining Order." Temporary restraining orders are not appealable, but "[i]t is the essence of the order, not its moniker, that determines [the court's] jurisdiction." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002). The essence of the district court's order in this case is not that of a temporary restraining order because it is unlimited in temporal scope and was entered after adversarial processes. *Id.* Therefore, we treat the order as a preliminary injunction over which we have jurisdiction.

discretion in denying the requested preliminary injunctive relief. We therefore affirm.

**1.**     Manning first argues that the district court abused its discretion by not entering a preliminary injunction enjoining Richey from designing smart phone gaming software. Before Richey started working for Manning's company, he signed an employment contract which included a non-competition agreement stating that he would not compete with Manning in "the computer gaming business" for a two-year period following his departure from Manning's company. The parties did not define the term "computer gaming business" in the non-competition agreement. After Richey left Manning's company, he started designing software for smart phone games.

Manning argues that a smart phone is a "computer" within the meaning of the non-competition agreement and that Richey is violating the terms of the non-competition agreement. Richey argues that the term "computer" does not include smart phones. The district court concluded that the term "computer gaming business" is ambiguous and that the issue is therefore "appropriately resolved by the finder of fact upon further hearing at trial." *Richey v. Metaxpert, LLC*, 2010 WL 1608887, *2 (E.D. Wash. 2010).

"A contract provision is ambiguous when its terms are uncertain or when its terms are capable of being understood as having more than one meaning." *Mayer v. Pierce County Med. Bureau, Inc.*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1996). Under Washington law, if a court cannot resolve the ambiguity through the objective manifestation theory or the context rule, then the meaning of the ambiguous provision is a question of fact to be determined by the trier of fact. *See BNC Mortgage, Inc. v. Tax Pros, Inc.*, 46 P.3d 812, 819-20 (Wash. Ct. App. 2002).

Here, we agree with the district court that the term "computer gaming business"—without any further definition by the parties in their 2007 agreement—is "capable of being understood as having more than one meaning." *Mayer*, 909 P.2d at 1326. Indeed, the term "computer" itself is ambiguous in light of the objectively blurry line between personal computers and devices like smart phones which can perform many of the same functions—including the capability to support games—but remain popularly understood as distinct devices. Because these terms are ambiguous and their meaning must be decided by the trier of fact, the district court did not abuse its discretion when it denied Manning preliminary injunctive relief on the ground that he failed to meet his burden to demonstrate a likelihood of success on the merits.

**2.** Manning also argues that he is entitled to ownership of a RentACoder.com account that Richey currently controls. Manning urges us to conclude that the district court abused its discretion in declining to require Richey to surrender the account to him. When Richey started working for Manning's company, they agreed that if Richey's employment terminated within less than two years, Manning would transfer the RentACoder.com account to Richey. The agreement conditions the transfer on the execution of a release containing certain enumerated terms. Manning argues that Richey was terminated after more than two years, and that even if he was terminated within two years, Richey did not sign the release. Manning argues that he therefore has no obligation to transfer the account to Richey. Richey maintains he was terminated after less than two years and that he tried to execute such a release, only to be rebuffed by Manning.

The district court concluded that the "evidence is conflicting and incomplete as to the date of termination of Richey's employment . . . and the current ownership of the original RentACoder account." *Richey*, 2010 WL 1608887, *2. Our review of the record comports with the district court's conclusions. There is significant evidence suggesting that Richey was terminated within two years of entering the agreement. It is also unclear whether Richey or Manning is to blame for the fact that Richey did not sign the necessary release. Accordingly, Manning

5

failed to meet his burden to demonstrate a likelihood of success on the merits, and the district court did not abuse its discretion in concluding the same and denying relief.

**AFFIRMED.**